# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
### PINE BLUFF DIVISION

JIM LEROY HOUSLEY,                                                    PLAINTIFF
ADC 119521

V.                          CASE NO. 5:10CV00178 SWW/BD

RAY HOBBS, Director,
Arkansas Department of Correction                                    DEFENDANT


## RECOMMENDED DISPOSITION

I.    **Procedure for Filing Objections:**

The following Recommended Disposition has been sent to United States District

Court Judge Susan Webber Wright.  Any party may file written objections to this

recommendation.  Objections should be specific and should include the factual or legal

basis for the objection.  If the objection is to a factual finding, specifically identify that

finding and the evidence that supports your objection.  An original and one copy of your

objections must be received in the office of the United States District Court Clerk no later

than fourteen (14) days from the date of this recommendation.  A copy will be furnished

to the opposing party.  Failure to file timely objections may result in waiver of the right to

appeal questions of fact.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

II.    **Background**:

Plaintiff Jim Housley, an Arkansas Department of Correction ("ADC") inmate,

filed this action pro se under 42 U.S.C. § 1983, claiming that Ray Hobbs, the Director of

the ADC, violated the Equal Protection Clause of the Fourteenth Amendment by not

allowing him to participate in an early release program.  (#2 at pp. 4-5)  Because Mr.

Housley does not allege that he is a member of a protected class or that his fundamental

rights were violated, he must prove that he was "treated differently from others similarly

situated and that there is no rational basis for the difference in treatment."  *Village of*

*Willowbrook v. Olech*, 528 U.S. 562, 564, 120 S.Ct. 1073, (2000); see also *Nolan v.*

*Thompson*, 521 F.3d 983, 989 -990 (8th Cir. 2008).

Mr. Hobbs has now filed a motion for summary judgment.  (#26)  Mr. Housley has

responded to the motion and has filed a motion to amend his complaint and a motion for

injunctive relief.   (#36 and #39)  Mr. Hobbs's motion for summary judgment (#26)

should be GRANTED.  Mr. Housley's motions (#36 and #39) should be DENIED.

III.    **Discussion**:

A.     Summary Judgment Motion

Mr. Hobbs contends that he is entitled to judgment as a matter of law because:

(1) Mr. Housley had no constitutional right to parole; (2) Mr. Housley's equal protection

rights were not violated; and (3) Mr. Hobbs is entitled to qualified immunity.  Based upon

the evidence presented, Mr. Hobbs's motion for summary judgment should be granted.[1]

Federal Rule of Civil Procedure 56(a) provides that a "court shall grant summary

judgment if the movant shows that there is no genuine dispute as to any material fact and

the movant is entitled to judgment as a matter of law."  In responding to a motion for

summary judgment, a plaintiff "may not rest upon the mere allegation or denials of his

pleading, but must set forth specific facts showing that there is a genuine issue for trial,"

and "must present affirmative evidence in order to defeat a properly supported motion for

summary judgment."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256, 257, 106 S.Ct.

2505 (1986); see also FED. R. CIV. P. 56(c)(1).

In 2001, Mr. Housley was convicted of delivery of a controlled substance,

simultaneous possession of drugs and firearms, and possession of drug paraphernalia.  He

was sentenced to four-hundred-eighty (480) months' imprisonment in the ADC.

In 2003, the ADC adopted Administrative Regulation 1316 – Emergency Powers –

Act – County Jail Backlog ("Emergency Powers Act").  (#26-1)  This regulation allows

inmates to be released from the ADC when the Board of Corrections (the "Board")

---

[1] Although it is true that there is no constitutional right to parole, Mr. Housley has
not alleged that he was simply denied early release from prison.  Here, he has alleged that,
in denying him early release from prison, Mr. Hobbs
 violated his equal protection rights. The Court will address, therefore, only that argument
in this Recommendation.  Further, because Mr. Housley's constitutional claim fails as a
matter of law, the Court will not address Mr. Hobbs's qualified immunity argument.

declares a "prison overcrowding state of emergency" due to county jail overcrowding. (#26-1)  In order to qualify for early release under the Emergency Powers Act, an inmate must: (1) be classified as either Class I or Class II; (2) have been incarcerated in an ADC facility for at least six months, and (3) be serving a sentence for a nonviolent offense. (#26-1)

Under the terms of the Emergency Powers Act, the Director of the ADC identifies inmates who are eligible for release.  From this list of eligible inmates, the Board may expedite the projected parole eligibility, transfer eligibility, or inmate discharge dates by up to one year.  (#26-1)  However, inmates convicted of certain crimes, including simultaneous possession of drugs and firearms, are not eligible for early release under the Emergency Powers Act.  (#26-1 at pp.3-4)

Mr. Housley's transfer eligibility date is April 12, 2011.  (#26-2)  In 2010, he sought early release under the Emergency Powers Act.  It is undisputed that, at that time, he was a Class I inmate who had served at least six months in the ADC.  However, because Mr. Housley had been convicted of simultaneous possession of drugs and a firearm – an offense that made him ineligible for early release – he was not considered for early release under the Emergency Powers Act.

In his response to the motion for summary judgment, Mr. Housley claims that there is no such list of ineligible offenses and that the document that Mr. Hobbs presented to the Court is fraudulent.  In addition, Mr. Housley provides the Court with the names of

three inmates who, he claims, are "similarly situated" and who were released early under the Emergency Powers Act:  Michael Reed, Bobby McFadden, and Wilkerson.  Mr. Housley has provided no evidence, however, to support his contention that these inmates were, in fact, similarly situated.

In response to Mr. Housley's allegations, Mr. Hobbs provided the affidavit of Greg Harmon, the Warden of the Wrightsville Unit of the ADC.   Mr. Harmon testified that he has never recommended any inmate convicted of simultaneous possession of drugs and firearms for release under the Emergency Powers Act.  (#37-1 at p.1)  In addition, according to ADC records, Michael Reed was convicted of manual delivery and possession of a controlled substance and has not been released from the ADC; there has not, nor has there ever been, an ADC inmate by the name of Bobby McFadden; and the only ADC inmate with the last name of Wilkerson, is Christopher Wilkerson, who is still incarcerated and is serving a sentence for a non-drug-related offense.  (#37-1 at p.2)

Because Mr. Housley has failed to create a genuine issue of material fact as to whether Mr. Hobbs has granted inmates convicted of simultaneous possession of drugs and firearms early release from the ADC under the Emergency Powers Act, Mr. Hobbs is entitled to judgment as a matter of law on this claim.  This claim should be DISMISSED with prejudice.

Mr. Housley's argument that Mr. Hobbs provided the Court a fraudulent document is unpersuasive, at best.  Although Mr. Housley might not have been aware of the

document provided to the Court before it was filed, Mr. Hobbs's attorney, as an officer of

the Court, has an obligation to provide a true and accurate account of both the facts and

the law at issue in this lawsuit.  Mr. Housley's unsubstantiated belief does not provide the

Court a sufficient basis to question the validity of any document provided by Mr. Hobbs.

        B.      Motion to Amend

        Rule 15 of the Federal Rules of Civil Procedure provides that a party may amend

its pleading only with the opposing party's written consent or the court's leave, and "[t]he

court should freely give leave [to amend] when justice so requires."  FED. R. CIV. P.

15(a)(2).  This does not give parties an absolute right to amend their pleadings.  *Sherman*

*v. Winco Fireworks, Inc.*, 532 F.3d 709, 715 (8th Cir. 2008) (citation omitted).  A district

court may deny leave to amend if "there are compelling reasons such as undue delay, bad

faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously

allowed, undue prejudice to the non-moving party, or futility of the amendment." *Id*.

(quoting *Moses.com Sec., Inc. v. Comprehensive Software Sys., Inc.*, 406 F.3d 1052, 1065

(8th Cir. 2005)).  In addition, it is within a district court's discretion to deny a motion to

amend to add a new legal theory that is unrelated to the claims previously raised.  See

*Bediako v. Stein Mart, Inc.*, 354 F.3d 835, 841 (8th Cir. 2004) (district court did not abuse

its discretion in denying motion to amend that came at an advanced stage of litigation and

involved a new theory of recovery); see also *Wishon v. Gammon*, 978 F.2d 446, 448 (8th

Cir. 1992) (holding district court did not abuse its discretion in denying plaintiff inmate's

motion to amend his complaint when he sought to add a new claim unrelated to those previously raised, and he could raise the new claim in a different lawsuit).

Mr. Housley has recently requested that Greg Harmon, Teresa Shaw, and three John Does be added as party Defendants. He claims that these individuals also violated his equal protection rights and "conspired" to deny him parole. Allowing Mr. Housley to add these individuals would be futile. As noted, Mr. Housley has failed to create a dispute as to any material fact on his equal protection claim.

Furthermore, Mr. Housley should not be permitted to add a claim that there was a conspiracy to deny him parole. He filed this action claiming only that his constitutional rights were violated when he was not granted early release under the Emergency Powers Act. Although Mr. Housley may now be eligible for parole, that is not an issue in this lawsuit. If Mr. Housley seeks to pursue such a claim, he should do so in a new lawsuit. The motion to amend (#36) should be DENIED.

C.     Motion for Injunctive Relief

Mr. Housley wants the Court to order Defendant Hobbs and "other ADC staff" not to retaliate against him or other inmates who have been mentioned in this lawsuit. He claims that Warden Harmon and ADC staff have conspired to deny or delay their parole. Mr. Housley seeks an order preventing the ADC staff from violating their "right to be released and any other right." (#39) The motion is not well taken.

In the first place, Mr. Housley has no liberty interest in parole or early release from prison. *Greenholtz v. Inmates of Nebraska Penal & Corr. Complex*, 442 U.S. 1, 7 (1979) (the Due Process Clause does not create a protected liberty interest in the possibility of parole or release before a validly imposed sentence) and *Hamilton v. Brownlee*, 237 Fed. Appx. 114, *1 (8th Cir. 2007) (unpub. per curiam) (inmate had "no constitutionally protected liberty interest in the possibility" of parole even when parole board rescinded "an initially favorable parole decision"). Further, a "presumption exists that public officials will follow the law in performance of their duties." *Haynes v. State*, 354 Ark. 514, 527, 127 S.W.3d 456, 463 (2003).

Mr. Housley has failed to provide the Court sufficient evidence to grant his motion for injunctive relief. This motion (#39) should be DENIED.

## IV.   Conclusion:

The Court recommends that Mr. Hobbs's motion for summary judgment (#26) be GRANTED and that Mr. Housley's equal protection claim be DISMISSED with prejudice. In addition, Mr. Housley's motion to amend his complaint (#36) and his motion for injunctive relief (#39) should be DENIED.

DATED this 23rd day of March, 2011.

_____
UNITED STATES MAGISTRATE JUDGE